UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LEE NEWMAN, | ) | Case No.: 5:08 CV 483 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JULIUS WILSON, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Now pending before the court is Petitioner David Lee Newman's ("Petitioner" or "Newman") Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, wherein he challenges the constitutionality of his November 17, 2005, "re-re-sentencing" to thirteen years in prison on one count of aggravated robbery with a firearm specification.  (ECF No. 1.)

Newman's Petition raises the following four grounds for relief:

(1) Petitioner's right to a trial by jury and due process, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, was violated when he was sentenced after an involuntary guilty plea;

(2) Petitioner's protection against the ex post facto application of the law and his right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, were violated when the trial court retroactively applied the decision in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), to Petitioner's case;

(3) Petitioner was denied his right to the effective assistance of trial and appellate counsel, as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States, when trial and appellate counsel failed to correctly raise the *Blakely v. Washington,* 542 U.S. 296 (2004), issue; and

>   (4) Petitioner was denied the right to have a jury determine his guilt beyond a reasonable doubt and the right to the effective assistance of counsel, as guaranteed by the Fifth, Sixth, and Fourteenth Amendment rights to due process, when the trial court determined that it would be too great an inconvenience to the State to grant Petitioner presentence plea withdrawal.

(Pet. at 5-9.)

The case was referred to Magistrate Judge David S. Perelman ("Magistrate Judge") for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge issued his R&R on January 22, 2009 (ECF No. 9). The Magistrate Judge recommended that the court deny Newman's Petition because: (1) Newman's first claim has been procedurally defaulted because it was not until after the Ohio Supreme Court remanded the case for re-sentencing, pursuant to *State v. Comer,* 99 Ohio St. 3d 463 (2003), that Newman filed a motion to withdraw his guilty plea (R&R at 7-9), and the claim is also without merit because Newman fails to demonstrate that his plea was not entered knowingly, intelligently, and voluntarily (*id.* at 7-14); (2) Newman's second claim is without merit because the plea/sentencing transcript reveals that Newman had fair notice that he faced a sentence greater than the minimum sentence that he now claims to have been entitled (*id.* at 17-23); (3) Newman's third claim is without merit because Ohio courts had held at the time of his re-re-sentencing that *Blakely* did not apply to Ohio's sentencing scheme, so it follows that Newman's trial counsel would have no reason to argue that the 2005 re-re-sentencing violated *Blakely,* nor would appellate counsel be ineffective for failing to raise this issue on appeal (*id.* at 31-34); and (4) Newman's fourth claim is without merit because he fails to demonstrate that his guilty plea was not entered knowingly, intelligently, and voluntarily (*id* at 7-14).

As of the date of this Order, Plaintiff has not filed objections to the R&R. By failing to do so, Plaintiff has waived his right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v.*

*Walters,* 638 F.2d 947 (6th Cir. 1981).

Upon careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge, the court adopts as its own the Magistrate Judge's R&R.

Consequently, the court hereby denies Newman's Petition, and final judgment is entered in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 29, 2009